IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ISMAEL QUINTERO, JR.,                                  CV. 11-733-SU

               Petitioner,         FINDINGS AND RECOMMENDATION

    v.

PAULA ALLEN,

               Respondent.

SULLIVAN, Magistrate Judge.

    This 28 U.S.C. § 2254 habeas corpus case comes before the court on the State's Motion to Dismiss (#10). Respondent asks the court to dismiss this action without prejudice on the basis that petitioner is still exhausting his state court remedies, thus he filed this case prematurely.

    A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S.

1 - FINDINGS AND RECOMMENDATION

509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a petitioner still has available state court remedies as to any of his claims, the petition should be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1993); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982).  "In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

In this case, petitioner has litigated his case both on direct appeal and post-conviction review in Oregon's courts.  However, petitioner was granted partial relief in his post-conviction proceeding which, in turn, led to his resentencing.  Petition (#1), p. 8.  Petitioner is in the process of litigating a direct appeal of his resentencing.  Motion to Dismiss, Attachment C.

Petitioner does not dispute he is currently litigating his resentencing.  Instead, he claims that he has already been through the state corrective process once, and that even though he is once again proceeding through that process in the wake of his resentencing, he should be allowed to simultaneously pursue a

federal habeas corpus action because the claims he places at issue in this proceeding were the subject of his prior post-conviction action.

Because petitioner continues to challenge the legality of his confinement in state court, and as that confinement is based upon the convictions he seeks to challenge in this case, he must wait for his state court proceedings to conclude before filing for federal habeas corpus relief. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Younger v. Harris*, 401 U.S. 37, 53 (1971) (federal courts should refrain from interfering in ongoing state criminal proceedings). Accordingly, the court should dismiss the Petition for Writ of Habeas Corpus without prejudice to petitioner's right to refile it once his state court proceedings have concluded.

## **RECOMMENDATION**

The Petition for Writ of Habeas Corpus (#1) should be dismissed without prejudice to petitioner's right to refile it once his state court proceedings have concluded. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

///

///

3 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. The Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  28th  day of November, 2011.


                              /s/Patricia Sullivan
                              Patricia Sullivan
                              United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION