IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ISMAEL QUINTERO, JR.,            No. 02:11-CV-733-SU

          Petitioner,            ORDER

     v.

PAULA ALLEN,

          Respondent.

Ismael Quintero, Jr., Pro Se
7059858
Mill Creek Correctional Facility
2605 State St.
Salem, OR 97310

     Attorney for Petitioner

Jacqueline Sadker Kamins
State of Oregon
Department of Justice

1 - ORDER

1162 Court Street, NE
Salem, OR 97301

    Attorney for Respondent

HERNANDEZ, District Judge:

    Magistrate Judge Sullivan issued a Findings and Recommendation (# 24) on November 28, 2011, in which she recommends the Court should dismiss Petitioner's petition for writ of habeas corpus (#1). Petitioner Ismael Quintero timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

    Petitioner's objections to the Findings and Recommendation incorporates a motion for Magistrate Judge Sullivan to recuse herself, a motion to strike the Findings and Recommendation, and a motion to have the case reassigned. Obj. to F&R, 3 (Dkt. #26).

    Two federal statutes govern recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that a judge shall be disqualified where he has a "personal bias or prejudice either against [a party] or in favor of an adverse party." See United States v. Heffington, 952 F.2d 275, 278 (9th Cir. 1991). Under § 144, the party moving for recusal must also file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Conclusory allegations are insufficient to support a request for recusal on

2 - ORDER

grounds of bias or prejudice. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995). Similarly, § 455 provides, in relevant part, that federal judges and magistrate judges must recuse themselves if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); see Heffington, 952 F.2d at 278.

The standard for recusal under sections 144 and 455 is the same: "whether a reasonable person with the knowledge of all the facts would conclude the judge's impartiality might be questioned." Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 712 (9th Cir. 1993), cert. denied, 510 U.S. 1076 (1994). To warrant recusal, judicial bias must stem from an extrajudicial source and not from conduct or rulings made during the course of proceedings. $292,888.04 in U.S. Currency, 54 F.3d at 566. "A judge's prior adverse ruling is not sufficient cause for recusal." Taylor, 933 F.2d at 712 (citation omitted).

Here, Petitioner Quintero has accused Magistrate Judge Sullivan of bias, treason, obstruction to conceal the truth, and several Constitutional violations. Obj. to F&R, 1-4. Petitioner has not submitted an affidavit nor has he stated facts to show bias or obstruction by Magistrate Judge Sullivan. Without such facts, these accusations are mere legal conclusions that do not support Petitioner's motion for recusal. Consequently, Petitioner's motion for recusal, motion to have the Findings & Recommendation stricken, and motion to have the case assigned to another judge are without merit.

Petitioner also filed a supplemental objection and a third motion for appointment of counsel. Dkt. # 27, 28. Petitioner explains the numerous bases for his disagreement with the rulings in the underlying state court proceedings. Yet, these issues are not relevant to the dismissal of his petition for writ of habeas corpus. Like his first objections, the supplemental

objection does not address the merits of the Findings and Recommendation–whether Petitioner's writ of habeas corpus is properly before the court if state proceedings have not concluded. I have carefully considered Petitioner's objections and conclude that the objections do not provide a basis to modify the recommendation that his petition for writ of habeas corpus be denied. I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

As for Petitioner's motion for appointment of counsel, Petitioner requests counsel to assist with the application of two cases to his case. As reasoned in the two prior denials for appointment of counsel, I agree that the interests of justice do not require appointment of counsel. Petitioner has demonstrated sufficient ability to articulate his grounds for relief.

## CONCLUSION

The Court adopts Magistrate Judge Sullivan's Findings and Recommendation (#24). Therefore, Petitioner's writ for habeas corpus (#1) is dismissed without prejudice. Petitioner may re-file once his state court proceedings have concluded. Petitioner's third motion for appointment of counsel is also denied. A Certificate of Appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 2nd day of February, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

4 - ORDER